MARY S. KIRK and others *v.* JOHN BURKHOLTZ.

October Term, 1877.

DEED — CONSTRUCTION — EXCEPTION IN HABENDUM. — Under a deed conveying to the grantee " all the right, title, interest, and claim " of the grantors to a city lot described by metes and bounds, one-third of which lot at one end was held by a widow in dower, *habendum* to the grantee, his heirs and assigns forever, " except such part and parcel thereof" as has been allotted to the widow as her dower-right in the premises, with a warranty by the grantors of the title " of said described and bargained premises, subject to the dower-right aforesaid," the grantee takes the interest of the grantors in that part of the lot covered by the dower.

*Rice* and *Wade,* for complainants.
*R. McP. Smith,* for defendant.

THE CHANCELLOR : — On demurrrer, the bill disclosing the following facts : John Spence died in 1825, seized and possessed of a lot on Cherry Street, in Nashville, fronting seventy-six feet nine inches on that street, and running back of even width to an alley. He left a will, by which he provided that his real estate should descend according to the laws of the state ; and it therefore went in equal moieties to his three daughters, Mary S., Ann, and Sarah L. Spence, subject to his widow's dower. Shortly after his death, the widow's dower was laid off to her according to law, by metes and bounds, from the northern part of the lot, fronting so many feet on Cherry Street, and running back to the alley. The residue of the lot, lying south of the dower part, remained unencumbered. The widow remained in possession

of the dower allotment until her death, in 1876. Sarah L. Spence, one of John Spence's daughters, died in the year 1834, intestate, and without ever having married, leaving her surviving sisters as her only heirs. One of those sisters, the complainant Mary S., had intermarried with John Kirk, and the other with E. P. Shall. On July 14, 1836, Shall and wife sold and conveyed all their interest in the lot to John Kirk. And on September 27, 1839, Kirk and wife, in consideration of the payment of $9,000 of the debt of a firm of which John Kirk was a member, sold and conveyed to John B. Grove, by deed duly proved and registered, with privy examination of the wife, "all their right, title, interest, and claim" to the entire lot, giving its metes and bounds, and including, of course, that part covered by the widow's dower. John Kirk afterwards died, leaving the complainants, his widow and children, him surviving. The widow claims that the deed of September 27, 1839, by a clause presently to be cited, excepted out of its grant that part of the lot covered by the widow's dower. The children claim, in like manner, that the interest of their father in that part of the lot covered by the dower, and acquired by him under the deed of Shall and wife, was also excepted out of the grant.

The bill states that the complainant Mary S. Kirk "received no consideration for any interest she may have conveyed by said deed to said John B. Grove, and as to her, the deed is void for want of consideration." It is further alleged, "that, at the time of the execution of said deed to said John B. Grove, the said John Kirk was pecuniarily embarrassed, or insolvent, and remained insolvent up to the time of his death; and that complainant Mary S. Kirk was prevailed upon by the importunities of her husband, the said John Kirk, to make said conveyance to satisfy a part of his indebtedness." The fact that the consideration for the conveyance was a debt of the husband will not affect its validity, if made according to the forms of law. *Chester*

.v. *Greer,* 5 Humph. 34; *Mount* v. *Kesterson,* 6 Coldw. 452; *McFerrin* v. *White,* 6 Coldw. 499; *Merriam* v. *Harsen,* 2 Barb. Ch. 267. And that the wife was prevailed upon by the importunities of the husband to execute the deed is clearly no ground for setting it aside after the lapse of nearly forty years, or at all. *Montgomery* v. *Hobson,* Meigs, 437. The litigation turns, therefore, upon the deed of Kirk and wife.

This deed, after conveying to Grove all the right, title, interest, and claim of Kirk and wife in and to the entire lot of seventy-six feet nine inches, describing it by metes and bounds, proceeds thus : " To have and to hold the above described and bargained lot of ground, with all the improvements thereon and appurtenances thereto attached, to the said John B. Grove, his heirs and assigns forever, except such part and parcel thereof as has been allotted to Rebecca B. C. Spence as her dower-right in said premises, as widow of said John Spence, deceased. And the said John Kirk and Mary S., his wife, hereby bind themselves, their heirs, executors, etc., forever to warrant and defend the title of said described and bargained premises, subject to the dower-right aforesaid of the said Rebecca B. C. Spence, against the claim of all and every person or persons whatever."

The granting part of the deed, it will be seen, conveys the entire lot, including that part covered by the dower; the *habendum* vests the grantee with an estate therein in fee, and the warranty is of the title to the whole, subject only to the widow's life-estate in dower. The grantors would seem to have parted with their title, and estopped themselves by their covenant of warranty. The doubt grows out of the clause in the *habendum* which follows the statement of the estate granted. The argument for the complainants is, that the words of this clause except out of the grant made by the deed that part of the lot covered by the dower, leaving the conveyance operative only as to the residue of the lot.

An exception is ever of part of the thing granted. Co. Lit. 47 *a*. It may be by way of exception out of the granting part of the deed, or out of the thing already granted. If the former, as where the grantor " doth grant, except as hereinafter excepted," all those lands, etc., the effect, in respect to the thing excepted, is as if it had never been included in the deed, the grantor remaining seized as before of the part excepted. *Greenleaf* v. *Birth*, 6 Pet. 310. If, however, the exception be of land already granted by the deed, the same rule applies, in respect to the limitation of the estate thereby created, to the exception as to the grant. That is to say, if words of inheritance were necessary to carry the fee in the grant, and are used, like words of inheritance are necessary to pass a fee to the part excepted. The grantor, who means to retain a fee by way of exception, must limit it accordingly. Shep. Touch. 100; *Jamaica Pond* v. *Chandler*, 9 Allen, 170; *Curtis* v. *Gardner*, 13 Metc. 461; *McNairy* v. *Paine*, 9 Humph. 533. Under this rule, there being no words of inheritance used in the exception before us, the grantors, if it be conceded that they have made a valid exception of part of the lot already conveyed in fee, took only a life-estate in such part. In that view, the complainants the children of John Kirk have no title on which to sustain their action, and the complainant Mary S. Kirk has only a life-estate.

The office of the premises of a deed is twofold: first, rightly to name the feoffor and feoffee; and, secondly, to comprehend the certainty of the lands or tenements to be conveyed by the feoffment. The *habendum* hath also two parts, viz.: first, to name again the feoffee; and, secondly, to limit the certainty of the estate. Co. Lit. 6, *a*. An exception of part of the thing granted ought clearly to be contained in the premises, not in the *habendum*. The *quantum* of land conveyed belongs to the former, the *quantum* of estate only to the latter. In modern conveyancing, the *habendum* is a mere form, for the estate may be included, as well as the property, in the premises, and, in

that event, the *habendum* cannot abridge them. If it be repugnant to the premises, either in the quantity of the thing conveyed, the estate, or the grantee, it is void. Co. Lit. 299 *a*; 8 Rep. 56 *b*; *Hafner* v. *Irwin*, 4 Dev. & B. 435. An exception, moreover, must not be repugnant to the grant; and, therefore, while it is competent to make an exception of a particular part out of a general grant, as of one acre out of a manor, yet it is not competent to make an exception of a particular part out of a particular or special grant, as of one acre out of twenty acres. Co. Lit. 47 *a*. For, says Lord Coke, that would be an exception of "a part of a certainty," and clearly repugnant to the grant. Here a particular part of a definite lot is sought to be withdrawn from the grant by exception.

In modern times, the inclination of the courts is to look to the whole of an instrument, without reference to mere formal divisions, with a view to ascertain the real intention of the parties, and not to lay much stress on technical rules, except as a *dernier ressort*. *Cholmondeley* v. *Clinton*, 2 Jac. & W. 91. If, therefore, the instrument under consideration disclosed a clear intent to except out of the grant a part of the thing conveyed, I should give effect to that intent, however inartificially expressed, or in whatsoever part of the instrument it might be found. Outside of the doubtful clause in the *habendum* of the deed in controversy, the deed unquestionably conveys the whole lot in fee, with covenant of general warranty. It shows, too, that the lot was subject to the widow's dower, fixed, by allotment, on a definite part of the lot, and that it was not the intention of the grantors to convey or warrant against that dower-interest. If, now, the grantors had intended to convey only that portion of the lot not covered by the dower, it could easily have been done by saying all that part of the lot not allotted in dower. Moreover, if the exception in the *habendum* was intended to take out of the grant that part of the lot covered by the dower, and was believed by

the parties to have effected that object, the exception of the dower-right from the warranty would have no meaning. The fact that the deed in this clause expressly provides that. the premises are "subject to the dower-right aforesaid" demonstrates that the parties intended to convey that part. of the lot covered by the dower. The complainants' case,. as put in the bill and in the argument, goes to pieces on this rock. The intention of the parties is disclosed by the deed, and therefore the equity of the case is against them. The words of the *habendum* were never designed to except. any part of the lot from the grant previously made, nor do they upon any recognized rules of construction. Literally,. they do cut off the fee of the first clause of the *habendum*. from that part of the lot. But the bill does not pretend that such was the intention. For, the effect would be to. give the grantee a life-estate, and as he is not shown to be dead, the bill is premature. The warranty, moreover, by its language, shows that such was not the intention. The words were designed merely to except from the estate in fee actually conveyed the dower-right, not the interest of the grantors in the dower land.

The demurrer must be sustained and the bill dismissed..